NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TEAMSTERS LOCAL 945 PENSION FUND,** <br>        Plaintiff, <br><br> v. <br><br> **MEADOWLANDS CARTING, INC.,** <br><br>        Defendant. | Docket No.: 10-5699 (WJM) <br><br> **OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

      This matter comes before the court by way of an unopposed motion to enforce a settlement agreement. For the reasons set forth below, the Plaintiff's motion is granted.

      Plaintiff in this case is a pension fund ("the Fund"). Under the terms of a collective bargaining agreement, Defendant was required to remit monthly pension contributions to the Fund. Defendant failed to perform in accordance with the terms of the collective bargaining agreement, and on November 2, 2010, Plaintiff filed a Complaint in this court. The matter was resolved amicably, and the court dismissed the case on August 19, 2011 via a consent order (the "Consent Order").

      The Consent Order incorporated the terms of the settlement agreement. The principal terms included 40 payments of $1,099.36, due once every three months. Defendant made the first five payments late, thereby incurring late fees, and failed to make the next seven payments. Plaintiff then filed this motion to enforce the settlement.

      The "enforcement of a settlement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."

*Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 378 (1994). Federal courts, in their discretion, may provide continued jurisdiction in a closed case by incorporating the terms of the settlement agreement in the order. *Kokkonen*, 511 U.S. at 381. In this way, a party's breach of the agreement is a violation of the order, and ancillary jurisdiction to enforce the agreement therefore exists. *Ibid*.

> The August 19, 2011 Consent Order contains the following settlement terms:
>
> 1. Meadowlands Carting agrees to make payments as per the attached ten (10) year amortization schedule. The first payment of $1,099.36 shall be payable on April 1, 2011 [*sic*]. Thereafter, the same amount shall be payable every three (3) months (July 1, October 1, and January 1). The total number of payments shall be forty (40). The last payment shall be payable January 1, 2021.
>
> 2. Meadowlands Carting shall be given a ten (10) day grace period for each payment.
>
> 3. In the event that Meadowlands Carting fails to make a payment on the date due and within the ten (10) day grace period, the Local 945 Pension Fund shall have the right to seek enforcement of this Agreement upon short notice. The sole issue is whether or not Meadowlands Carting has paid the payment due and owing. In such proceeding, Local 945 Pension Fund shall seek any delinquent payments, interest, and court costs and any other relief deemed appropriate by the Court. In the event the Local 945 Pension Fund can prove a delinquent payment, the court shall so order those remedies set forth in the preceding sentence.

In so including these provisions, the Plaintiff proves that the court has ancillary subject matter jurisdiction over enforcement of the settlement.

Having established jurisdiction, we move onto the calculation of damages. The Defendant paid the first five payments late. The Defendant was assessed interest and liquidated damages in the amount of $1,231.85 for those late payments. (Supplemental Affidavit of Catherine Oaks at ¶ 3). The Defendant failed to make its next seven payments. Interest and liquidated damages were assessed in the amount of $2,082.48. The total amount owed for seven payments is $1,099.36 x 7 or $7,695.52. (*Id.* at ¶ 4). In addition, the Defendant was assessed a late charge of

$1.73 per day from April 1, 2014. From April 1, 2014 through August 31, 2014, there are 153 days at $1.73 per day or $264.69. (*Id.* at ¶ 5). The above represents the first twelve payments. Since forty payments were required, there is a balance of twenty-eight payments at $1,099.36 for a total of $30,782.08. (*Id.* at ¶ 7). Considering all these factors, the total due is $42,056.62.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 18, 2014**